IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY CARROLL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1401-N |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jeffrey Carroll, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to unauthorized use of a motor vehicle. Punishment, enhanced by three prior felony convictions, was assessed at 25 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Carroll*, No. 59,866-01 (Tex. Crim. App. Aug. 25, 2004). Petitioner then filed this action in federal court.

II.

In three grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel; (2) his sentence exceeds the statutory guidelines; and (3) he should have been sentenced based on the underlying offense, which is a third-degree felony.

By order dated July 15, 2005, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on August 15, 2005. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The AEDPA became effective when it was signed into law on April 24, 1996. *See, e.g. Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The one-year limitations period is also subject to equitable tolling in

---

[1] The statute provides that the limitations period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 25 years in prison for unauthorized use of a motor vehicle. Judgment was entered on August 16, 1990 and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on September 17, 1990. *See* TEX. R. APP. 26.2, *formerly* TEX. R. APP. P. 202. Petitioner filed an application for state post-conviction relief on March 16, 2004. The application was denied on August 25, 2004. Petitioner filed this action in federal court on July 11, 2005.

The limitations period started to run on April 24, 1996 when the AEDPA became effective. *See Flores*, 135 F.3d at 1005. Yet petitioner waited almost *eight years* to seek post-conviction relief in state or federal court. In an attempt to excuse his dilatory conduct, petitioner blames his attorney for failing to adequately research his prior felony convictions. However, this ignores the threshold issue of limitations. Petitioner makes no attempt to explain why he waited more than 13 years after his conviction became final and almost eight years after the AEDPA became effective to file a writ of habeas corpus in state or federal court. Consequently, this case is time-barred and should be dismissed.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE